# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

Charles R. Fulbruge III
Clerk

No. 03-10982

FAIRFIELD INSURANCE COMPANY,

Plaintiff-Appellant,

v.

STEPHENS MARTIN PAVING LP; CARRIE BENNETT, Individually and as Representative of the Estate of Roy Edward Bennett, Deceased, and as Next Friend of Lane Edward Bennett, Cody Lee Bennett, and April Anne Bennett, Minors,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Abilene Division
USDC No. 1:03-CV-00037

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

We return to this case after certifying an important question of state law to the Texas Supreme Court. The question certified was whether Texas public policy prohibits a liability insurance provider from indemnifying an award for punitive damages imposed on its insured because of gross negligence. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Texas Supreme Court ruled that such liability insurance does not violate Texas public policy, we affirm.

## DISCUSSION

The background and procedural history of this lawsuit are briefly described in our prior opinion on the matter. See Fairfield Ins. Co. v. Stephens Martin Paving, LP, 381 F.3d 485 (5th Cir. 2005). To summarize, Fairfield Insurance Co. ("Fairfield") brought this action in federal district court seeking a declaratory judgment that it had no duty to defend or indemnify Stephens Paving ("Stephens") in a Texas state court action filed by appellee Carrie Bennett. Bennett was seeking punitive damages from Stephens for its allegedly gross negligence that resulted in the death of her husband, Roy Bennett. Fairfield argued, inter alia, that Texas public policy precluded indemnification for punitive damage awards under Stephens's employer liability policy.

The district court concluded that Bennett had sufficiently pleaded a claim that was potentially covered by the policy, which gave rise to a duty to defend. With regard to the duty to indemnify, the district court concluded that the language of the policy was comprehensive enough to include not only actual but also punitive damages. According to the district court, "the failure of Fairfield to further limit exposure for punitive damages leads this Court to conclude that Fairfield had no intent to do so." Fairfield Ins. Co. v. Stephens Martin Paving, LP, 2003 WL 22005877 at *14 (N.D. Tex.). And after surveying Texas case law, the district court concluded that construing an insurance contract to include coverage for punitive damage awards rendered against the insured did not violate Texas public policy. Id. at *18.

On appeal, Fairfield challenged only the district court's conclusion that Texas public policy is not violated by an employer's liability policy which allows coverage for an insured's liability for punitive damages.[1] Recognizing the importance of the issue, and concluding that Texas's intermediate courts had issued conflicting decisions, we certified the question to the Texas Supreme Court. See Fairfield, 381 F.3d at 487.

On February 15, 2008, the Texas Supreme Court issued its opinion in response to our certification request. Because the question certified to the Texas Supreme Court did not address whether the language of the policy itself provided coverage for punitive damage awards, the court focused solely on whether such coverage would violate Texas public policy. See Fairfield Ins. Co. v. Stephens Martin Paving, LP, ___ S.W.3d ___, ___, 2008 WL 400397 at *2 (Tex. Feb. 15, 2008). The court concluded that public policy did not prohibit coverage under an employer's liability policy for exemplary or punitive damages awarded to an employee for injuries or death caused by an employer's gross negligence. Id. at *1. The court based its holding on Texas's "strong" public policy preserving the freedom of contract, which it concluded was no less applicable in the relationship between an insurer and the insured. Id. at *7–8.

---

[1] Appellee Carrie Bennett argued that there was no justiciable controversy related to Fairfield's duty to indemnify because a state court judgment had not yet been rendered against Stephens. Although she did not file a cross-appeal, we have an independent responsibility to review jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998). We conclude that because Carrie Bennett's underlying state court action sought only punitive damages from Stephens, the question whether Texas public policy even allows for the indemnification of such damages was integral to the court's determination whether there was a duty to defend under the "eight-corners rule." Thus, it was within the district court's discretion to rule on both the duty to defend and the duty to indemnify. See Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.").

Because the Texas Supreme Court has confirmed the district court's conclusion of law regarding indemnification of punitive damage awards in Texas, the judgment of the district court is AFFIRMED.